IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES EDWARD MOTTON,

    Petitioner,                     No. CIV S-06-2150 GEB DAD P

    vs.

UNKNOWN,                                ORDER AND

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner confined at the Sierra Conservation Center. On September 26, 2006, petitioner filed a lengthy document titled "Motion at Parole Hearing 9/20/06." Petitioner did not file a petition for writ of habeas corpus and did not pay the filing fee or apply for leave to proceed in forma pauperis. On the basis of petitioner's reference to a parole hearing, a habeas corpus case has been opened. Although petitioner has filed seven additional documents, he has not filed a habeas petition.

        A federal habeas action is commenced by filing a petition for writ of habeas corpus, and no habeas action is considered "pending" until such a petition is filed. Woodford v. Garceau, 538 U.S. 202, 210 (2003). The petition for habeas corpus relief must seek adjudication on the merits of the petitioner's claims. Id. at 207. The filing of other documents will not serve to commence a habeas action or toll the statute of limitations because such filings are not

1

equivalent to a petition for relief from the petitioner's state judgment of conviction.  See <u>Isley v. Arizona Dep't of Corrections</u>, 383 F.3d 1054, 1055 (9th Cir. 2004).

The petitioner in this case has not properly commenced a federal habeas action. This case should be dismissed without prejudice to a properly commenced habeas action.  When petitioner submits a habeas petition, it must not include the case number assigned to this improperly filed action.

Accordingly, IT IS ORDERED that:

1.  Petitioner's September 26, 2006 motion, docketed erroneously as a petition, is denied;

2.  Petitioner's November 1, 2006 request for default judgment is denied;

3.  The Clerk of the Court is directed to send petitioner a habeas petition form with an application to proceed in forma pauperis in a habeas case; and

IT IS RECOMMENDED that this action be dismissed without prejudice to the proper commencement of a habeas action.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  A document containing objections should be titled "Objections to Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 16, 2006.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13:bb
mott2150.nop